United States District Court
Northern District of Alabama

Jeremy Pinson,
  Petitioner,

V.        Case No.  CV-09-HS-1855-E

Constance Reese,
  Respondent,

## APPLICATION FOR ORDER TO PRESERVE DOCUMENTARY AND VIDEO EVIDENCE

Comes Now Petitioner Jeremy Pinson pursuant to Fed. R. Civ. P. 27 and seeks an Order directing the Respondent Constance Reese to preserve documents and video evidence in anticipation of future litigation.

### A. Facts

1. On 09-09-09 a fire occurred in Petitioner's cell at the Federal Correctional Institution at Talladega, AL.

2. Petitioner and his cellmate were placed in ambulatory restraints for 9 hours.

3. Petitioners cellmate and he were videotaped when removed from the cell.

1

4. The next day on 09-10-09 a hostage situation and altercation between Petitioner and his cellmate occurred which was also videotaped and generated voluminous documentation.

5. Petitioner was again placed in restraints, this time for over 24 hours.

6. Petitioner intends to sue for violations of his 8th Amendment Rights with regard to excessive force and use of restraints by prison officials.

## B. Argument

Fed. R. Civ. P. 27 permits a petitioner to obtain evidence prior to initiation of litigation, if such would be in the interests of Justice. In this case Bureau of Prisons officials will routinely destroy after 45 days the evidence in question. Petitioner by law cannot sue until exhaustion of his Administrative Remedies. See: 42 U.S.C. 1997e(a). The Bureau of Prisons' Administrative Remedy Program lasts 180 days from start to finish. See: 28 C.F.R. 542 et seq., Before Petitioner could sue the video, photographic and documentary evidence would have long been destroyed and such would be critical to proving Petitioner's claims. The Court may prevent such destruction by ordering production of the evidence in advance of litigation pursuant to Fed. R. Civ. P. 27.

## C. Conclusion

Wherefor the Petitioner prays the Court grant him relief as follows:

1. A Temporary Restraining Order pursuant to F.R.Civ.P. 65(b) enjoining Respondent, or those acting in concert with her or under her supervision, from destroying, modifying, or changing in any way documents, videos, email, records, photos or other tangible things as defined by F.R.Civ.P. 34 which are relevant to the incidents on 09-09-09 and 09-10-09 involving the Petitioner until final adjudication of this Application.

2. An Order directing respondent to collect, preserve, and make accessible to Petitioner the evidence as described in Paragraph 1 above.

It is So Prayed.

Respectfully,

Jeremy Pinson #16267-064
FCI Talladega (S.M.U.)
P.O. Box 1000
Talladega, AL, 35160
Petitioner - Pro Se

## Declaration of Petitioner

Pursuant to 28 U.S.C. 1746 I, Jeremy Pinson, declare under penalty of perjury that the aforegoing is true and correct to the best of my knowledge and belief.

Signed 9-13-09 at Talladega, Alabama.

*Jeremy Pinson*
Jeremy Pinson

4